# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

GOLDENPORT SHIPMANAGEMENT
LTD,

                  Plaintiff(s),

      -against-

VIMAR LTD. and VIMAR TRADING
LTD.,

                Defendant(s).

## SUMMONS IN A CIVIL ACTION

### Case No. 08 CV

**TO:** (name and address of defendants)

VIMAR LTD.
6, Skouze Str.
185 36 Piraeus
Greece

VIMAR TRADING LTD.
6, Skouze Str.
185 36 Piraeus
Greece

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this
summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with
the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAY 1 3 2008

CLERK

DATE

DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
GOLDENPORT SHIPMANAGEMENT LTD.,

            Plaintiff(s),

        -against-

VIMAR LTD and VIMAR TRADING LTD.,

            Defendant(s).
----------------------------------X



**PLEASE TAKE NOTICE** that Plaintiff, GOLDENPORT SHIPMANAGEMENT LTD., (Plaintiff or "GOLDENPORT"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, VIMAR LTD. and VIMAR TRADING LTD. (Defendants or "VIMAR"), allege, upon information and belief, as follows:

1.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.   Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

2.      Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

3.      Defendant VIMAR LTD. is a business entity organized and existing pursuant to the laws of a foreign country.

4.      Defendant VIMAR TRADING LTD. is a business entity organized and existing pursuant to the laws of a foreign country.

5.      Upon information and belief, VIMAR LTD. is a wholly or partly owned subsidiary of Defendant VIMAR TRADING LTD., or vice versa.

- 1 -

6.     Upon information and belief, VIMAR LTD. uses Defendant VIMAR TRADING LTD. as a conduit to pay its debts and obligations and is otherwise an alter ego of VIMAR TRADING LTD., or vice versa.

7.     Upon information and belief, VIMAR TRADING LTD. is a shell corporation through which Defendant VIMAR LTD. conducts business, and vice versa.

8.     Upon information and belief, VIMAR LTD. has no separate, independent identity from Defendant VIMAR TRADING LTD., and vice versa.

9.     Upon information and belief, Defendant VIMAR LTD. is the alter ego of Defendant VIMAR TRADING LTD. because VIMAR LTD. dominates and disregards VIMAR TRADING LTD's corporate form to the extent that VIMAR LTD. is actually carrying on the business and operations of VIMAR TRADING LTD., as if they were its own, or vice versa.

10.    Upon information and belief, VIMAR TRADING LTD. acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant VIMAR LTD. and/or receives payments being made to Defendant VIMAR LTD., or vice versa.

11.    Upon information and belief, VIMAR TRADING LTD. is a successor in interest to Defendant VIMAR LTD., or vice versa.

12.    Plaintiff was and is the manager and operator of the M/V FORTUNE.

13.    Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or

hereinafter acquire an interest in this action.

AS AND FOR A FIRST CAUSE OF ACTION

14.    Plaintiffs  repeat  and  reiterate  each  and  every
allegation  contained  in  paragraphs  "1"  through  "13"  as  if
specifically set forth herein at length.

15.    On  or  about  November  26,  2007  Plaintiff  placed  an
order with Defendants, requiring that Defendants sell and install
on board the M/V FORTUNE a fresh water generator.

16.    Time being of the essence, Plaintiff's proposed terms
demanded  that  the  fresh  water  generator  be  delivered  within
fifteen days after the order was accepted.

17.    On or about December 3, 2008, Defendants acknowledged
receipt  of  the  order,  and  accepted  the  terms  of  the  order,
including  the  term  requiring  that  the  generator  be  delivered
within fifteen days after the order was accepted.

18.    On  or  about  December  5,  2008,  Plaintiff  remitted
$19,300 to Defendants, representing a 50% advance payment for the
sale and installation of the fresh water generator.

19.    Defendants did not deliver the fresh water generator
within fifteen days of Defendants' acceptance of the order.

20.    On or about January 21, 2008, nearly two months after
Defendants accepted Plaintiff's order, Defendants advised that the
generator  was  ready  for  inspection.   Defendants  further  advised
Plaintiff  that  it  would  unilaterally  increase  the  costs  of

- 3 -

installation.

21.    On or about January 31, 2008, Plaintiff inspected the generator and found that it did not comply with the specifications provided in Plaintiff's order.

22.    Plaintiff, thereafter, cancelled the order placed with Defendants due to Defendants' non-performance and asked for a refund of the $19,300.00 advance payment previously provided.

23.    Defendants breached the subject agreement between the parties by failing to deliver the fresh water generator within fifteen days after the order was accepted.

24.    Defendants breached the subject agreement between the parties by failing to deliver a fresh water generator that complied with the specifications provided in the order, the terms of which were accepted by Defendants.

25.    Defendants breached the subject agreement between the parties by failing to return the advance payment of $19,300.00 made by Plaintiff for the purchase and installation of the fresh water generator.

26.    As a result of the foregoing, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the agreement between the parties and at law.

27.    Plaintiff has placed Defendants on notice of its claim that Defendants have breached the referenced agreement.

- 4 -

28.    Despite Plaintiff's repeated demands, Defendants have failed to pay the amounts due and owing to Plaintiff under the agreement.

29.    By reason of the foregoing, Plaintiff has sustained damages in the amount of $19,300.00 together with interest, costs, fees, and expenses.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

30.    Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "29" as if specifically set forth herein at length.

31.    Defendants received funds from Plaintiff totaling $19,300.00 as advanced payment for the purchase and installation on board the M/V FORTUNE of a fresh water generator.

32.    In contravention of the subject agreement, Defendants failed to provide and install the fresh water generator.

33.    Defendants did not reimburse the funds provided by Plaintiff as advance payment for the purchase and installation of the fresh water generator.

34.    Defendants have been unjustly enriched by appropriating the funds provided by Plaintiff to Defendants as advance payment.

35.    By reason of the foregoing, Plaintiff has sustained damages in the amount of $19,300.00 together with interest, costs, fees, and expenses.

## AS AND FOR ALLEGATIONS IN SUPPORT OF PLAINTIFF'S APPLICATION FOR

## RULE B ATTACHMENT

36.    Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiff.

37.    For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers,

electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN

AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$19,300.00** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

      C.   That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

      D.   That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:   New York, NY

      May 13, 2008

                       Respectfully submitted,

                       MAHONEY & KEANE, LLP
                       Attorneys for Plaintiff
                       GOLDENPORT SHIPMANAGEMENT LTD.

By:                        
                       Edward A. Keane (EK 1398)
                       11 Hanover Square, Tenth Floor
                       New York, NY 10006
                       Tel. (212) 385-1422
                       Fax (212) 385-1605
                       File No. 12/3586/B/08/5

ATTORNEY VERIFICATION

STATE OF NEW YORK      :
                       :  SS.:
COUNTY OF NEW YORK     :

    1.   My name is EDWARD A. KEANE.

    2.   I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

    3.   I am the attorney for Plaintiff, GOLDENPORT SHIPMANAGEMENT LTD. and I am fully authorized to make this Verification on its behalf.

    4.   I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

    5.   The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

    6.   The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York

       May 13, 2008

                           EDWARD A. KEANE (EK 1398)

- 1 -